IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

DOLAN W. HANKINS, )
)
        Plaintiff, )
)
v. ) No. 09-0170-SSA-CV-W-WAK
)
MICHAEL J. ASTRUE, Commissioner, )
Social Security Administration, )
)
        Defendant. )

**ORDER**

     Claimant Dolan W. Hankins seeks judicial review,[1] pursuant to 42 U.S.C. § 405(g) of a final administrative decision denying disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.*, and Supplemental Security Income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1383 *et seq*. He claims he became disabled beginning on April 3, 2003, although he acknowledges he had earnings in 2004. The parties' briefs were fully submitted, and on December 8, 2009, an oral argument was held.

     "Title II of the Social Security Act provides for the payment of insurance benefits to persons who suffer from a physical or mental disability, and Title XVI provides for the payment of disability benefits to indigent persons. The Act further provides that 'an individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . .' 42 U.S.C. § 423(d)(2)(A) (2003)." Lewis v. Barnhart, 353 F.3d 642, 645 (8th Cir. 2003).

     In reviewing the administrative record, the court must sustain the Commissioner's decision if the findings are supported by substantial evidence on the record as a whole. 42

---

[1]With the consent of the parties, this case was assigned to the United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(c).

U.S.C. § 405(g); Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000). The court may not, however, "rubber stamp" the Commissioner's decision, but must examine both the evidence that supports and detracts from the administrative determination. Piercy v. Bowen, 835 F.2d 190, 191 (8th Cir. 1987); Cline v. Sullivan, 939 F.2d 560, 564 (8th Cir. 1991).

The claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. § 423(d)(1). See Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995). To meet the statutory definition, "the claimant must show (1) that he has a medically determinable physical or mental impairment which will either last for at least twelve months or result in death, (2) that he is unable to engage in any substantial gainful activity, and (3) that this inability is the result of his impairment." McMillian v. Schweiker, 697 F.2d 215, 220 (8th Cir. 1983).

If the claimant establishes the impairment is sufficiently severe to prevent return to a former occupation, the burden shifts to the Commissioner to produce evidence the claimant can perform other substantial gainful employment. Buck v. Bowen, 885 F.2d 451, 454 (8th Cir. 1989). The Commissioner need not find a specific job opening for the claimant, but must demonstrate that substantial gainful activity is realistically within the capabilities of the claimant. McMillian, 697 F.2d at 221.

When reviewing the record to determine if there is substantial evidence to support the administrative decision, the court considers the educational background, work history and present age of the claimant; subjective complaints of pain or other impairments; claimant's description of physical activities and capabilities; the medical opinions given by treating and examining physicians; the corroboration by third parties of claimant's impairments; and the testimony of vocational experts when based upon proper hypothetical questions that fairly set forth the claimant's impairments. McMillian, 697 F.2d at 221.

Claimant Dolan Hankins was born in 1974. He completed an Associate Degree and has worked in the past as a drain cleaner/building maintenance worker, burner assembler, forklift operator, harvest worker, and maintenance supervisor. He last worked in 2004, earning approximately $12,000. His record indicates generally low earnings, suggesting less than full time employment for a number of years.

He claims he is unable to work because of hepatitis C, kidney stones, attention deficit disorder and other impairments. His condition frequently makes him nauseous, tired, and to feel like he has the flu. In June 2008, he was 6' 3" tall and weighed approximately 270 pounds. Hankins states that his condition has worsened, he is currently on bed rest and that he is on a waiting list for a liver transplant.

An administrative law judge (ALJ) issued an unfavorable decision dated September 4, 2008. He found Hankins had attention deficit hyperactivity disorder, adjustment disorder with anxiety and depression; kidney stones; and sleep apnea which were severe within the meaning of the Social Security Act. The ALJ also found claimant had non-severe impairments of controlled nausea, Hepatitis C which had resolved and was in remission, resolved tendonitis, and controlled gastroesophageal reflux disease. Based upon the record, the ALJ concluded claimant retained the residual functional capacity to perform light unskilled work, and could return to his past work as a burner assembler.

Hankins, who was not represented by counsel for this appeal, asserts the ALJ erred when he found Hankins could return to his former work and found Hankins was not entirely credible. Claimant submitted photocopies of recent letters from his treating doctor stating Hankins was disabled from gainful employment because of his medical condition, and that he was not a drug seeker.

At oral argument, Hankins was advised that the court's review is limited to the official administrative transcript and the court may not consider the newly submitted documents. Likewise, the court is not free to start from scratch to determine whether plaintiff is entitled to benefits. Instead, the court is limited to reviewing the record to see if there is substantial evidence on the official record as a whole to support the ALJ's decision. If there is substantial evidence, the decision must be affirmed. Young v. Apfel, 221 F.3d at 1068. "A decision may not be reversed simply because there is evidence in the record to support an alternative conclusion." Mouser v. Astrue, 545 F.3d 634, 638 (8th Cir. 2008).

Plaintiff's medical records show he repeatedly went to the emergency room or medical clinic for treatment. He complained of one or more problems, including flank pain, abdominal pain, chest pain, nausea, vomiting, diarrhea, and hepatitis flares. His records document long-

3

term problems with kidney stones, treatment for hepatitis, swollen legs and reflux disease. In 2005, he was given interferon injections for his hepatitis. Diagnostic testings were done frequently, and several doctors expressed concern plaintiff was engaged in drug-seeking behavior or had developed a drug dependency based upon long-term narcotic use. There are treatment notes indicating Hankins complained of extreme pain on a ten point scale, but did not appear to be in acute distress.

Plaintiff has not directed the court's attention to any medical records in the official transcript in which a physician has told him to maintain bed rest, refrain from working, or otherwise restrict his activities during the relevant time period. Assessments of the medical records by non-examining consultants place no limitations on claimant which would preclude all work.

At the administrative hearing, plaintiff testified his hepatitis was in remission although he still experienced some of the effects from the disease. He said he did not do household chores, rarely drove and spent a lot of his time watching television.

There is no question plaintiff has impairments and suffers pain from them. The issue, however, is not whether plaintiff was experiencing pain during the coverage period, but how severe the pain was and whether it was disabling. Dolph v. Barnhart, 308 F.3d 876, 880 (8th Cir. 2002); Gowell v. Apfel, 242 F.3d 793, 796 (8th Cir. (2001); Thomas v. Sullivan, 928 F.2d 255, 259 (8th Cir. 1991). In his evaluation of the record, the ALJ did not find Hankins' complaints of pain to be credible to the extent they would prevent him from working.

"Where adequately explained and supported, credibility findings are for the ALJ to make." Lowe v. Apfel, 226 F.3d 969, 972, (8th Cir. 2000). Subjective complaints of physical and/or mental health problems may be discounted when they are inconsistent with medical reports, daily activities or other such evidence. Dixon v. Barnhart, 353 F. 3d 602, 605 (8th Cir. 2003). Nevertheless, the ALJ's decision to discredit such complaints must be supported by substantial evidence based upon the record as a whole. Dixon v. Barnhart, 353 F. 3d at 605. See also, Finch v. Astrue, 547 F.3d 933, 935-36 (8th Cir. 2008); Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005) (deference to ALJ's credibility determination appropriate if decision supported by good reasons and substantial evidence).

4

Here, there is substantial evidence to support the ALJ's credibility findings and his decision to deny benefits. Irrespective of what decision this court might have made if it was considering the record to make an independent ruling, the court must sustain the agency's decision if it is supported by substantial evidence on the record as a whole. 42 U.S.C. § 405(g); Piercy v. Bowen, 835 F.2d 190 (8th Cir. 1987). "Where there are inconsistencies in the evidence as a whole, the [Commissioner] may discount subjective complaints." Stephens v. Shalala, 46 F.3d 37, 39 (8th Cir. 1995).

The court is not unsympathetic to plaintiff's complaints of serious problems, pain and fatigue, and it recognizes the progressive nature of plaintiff's impairments. Nevertheless, given the evidence available to the ALJ and the appeals council, it is

ORDERED that the decision of the Commissioner is affirmed and this case is dismissed.

Dated this 15th day of December, 2009, at Jefferson City, Missouri.

    /s William A. Knox
WILLIAM A. KNOX
United States Magistrate Judge